IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE BANK OF NEW YORK MELLON :
f/k/a The Bank of New York, as Trustee :
for the Holders of the Certificates, First :
Horizon Mortgage Pass-Through Certificates :
Series FHAMS 2006-Fa5, By First Horizon :
Home Loans, a Division of First Tennessee :
Bank National Association, Master Servicer, :
in its Capacity as Agent for the Trustee :
under the Pooling and Servicing Agreement, :
:
      Plaintiff, :
:
v. : Civ. No. 18-1372-LPS
: Superior Court of the State of
JAMES A. HEGEDUS and VIRGINIA E. : Delaware in and for Sussex County
HEGEDUS, : C.A. No. S15L-12-053
:
      Defendants. :

**MEMORANDUM**

**I.    INTRODUCTION**

On September 5, 2018, Defendants James A. Hegedus and Virginia E. Hegedus ("Defendants") filed a notice of removal of Delaware State Court C.A. No. S15L-12-053. (D.I. 1) Defendants appear *pro se* and have paid the filing fee. Plaintiff moves for remand (D.I. 5) and Defendants move for an extension of time to respond to the motion and for injunctive relief (D.I. 5, 10). For the reasons discussed below, the Court will grant the motion to remand the matter to the Superior Court of the State of Delaware in and for Sussex County, will grant the motion for an extension of time and consider Defendants' opposition timely filed, and will deny without prejudice the motion for injunctive relief.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 29, 2015, Plaintiff filed an In Rem Scire Facias mortgage foreclosure complaint in the Superior Court of the State of Delaware in and for Sussex County, C.A. No. S15L-

12-053. The complaint sought foreclosure of property located in Delaware. On December 18, 2017, the Superior Court ruled in favor of Plaintiff and against Defendants. (D.I. 4-1) Defendants appealed to the Delaware Supreme Court, No. 21, 2018. (D.I. 4-3 at 10) On July 10, 2018, the Delaware Supreme Court affirmed the Superior Court on the basis of and for the reasons stated by the Superior Court in its December 18, 2017 opinion. *See Hegedus v. Bank of New York Mellon*, 2018 WL 3375360 (Del. 2018) (table). Defendants sought rehearing en banc, which was denied on July 25, 2018. (D.I. 4-3 at 2)

Defendants removed the matter on September 5, 2018. The notice of removal states that the case was brought under State law, but there is federal question jurisdiction under 42 U.S.C. § 1983 for violation of constitutional rights under the Fifth and Fourteenth Amendments. (D.I. 1) Plaintiff timely filed a motion to remand. *See* 28 U.S.C. § 1447(c). Plaintiff seeks remand based on the well-pleaded complaint rule, the *Rooker-Feldman* Doctrine, and res judicata.

## III. LEGAL STANDARDS

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332, 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *See Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate,

the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

## IV. DISCUSSION

### A. Federal Question

Defendants removed this case pursuant to the federal removal statute, 28 U.S.C. § 1441. Defendants' primary basis for removal is federal question jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The notice of removal purports to base § 1331 jurisdiction upon 42 U.S.C. § 1983 by reason of violations of Defendants' constitutional rights. (D.I. 1 at 7) Defendants contend that when the case was filed in state court it raised questions under state law.

Plaintiff moves for remand based upon the well-pleaded complaint rule. In commencing an action, it is for the plaintiff to decide whether to assert a federal claim, a state claim, or both. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, a cause of action "'arises under' federal law, and removal is proper, only if there is a federal question presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir. 1995); *see also Homes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). "'[A] case may not be removed to federal court on the basis of a federal defense,' even if the plaintiff's complaint anticipates such defense." *Caterpillar*, 482 U.S. at 392. "Nor can [the d]efendant[] create federal jurisdiction by asserting federal defenses and/or counterclaims to [the p]laintiff's state law foreclosure complaint." *Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 402 (D.N.J. 2015) (ordering remand because mortgage foreclosure is matter of state law, and defendant's assertion of issues under FDCPA does not create federal jurisdiction).

3

In the instant case, Plaintiff filed an action to foreclose a mortgage; this is a state law matter, it does not arise under federal law. Defendants' position now is that their constitutional rights were violated during the foreclosure proceedings. However, under the well-pleaded complaint rule, defenses and counterclaims do not create federal court jurisdiction. This Court does not have jurisdiction by reason of a federal question under 28 U.S.C. § 1331. Accordingly, the Court will grant the motion to remand.

### B. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine prohibits this Court from handling actions that effectively seek to vacate orders of the Superior Court and the Delaware Supreme Court. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citations omitted). The *Rooker-Feldman* doctrine bars Defendants' claim here as it would require "(1) the federal court [to] determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005).

In the mortgage foreclosure action, the Superior Court ruled against Defendants and that decision was affirmed by the Delaware Supreme Court. Defendants, in essence, ask the Court to determine that those rulings were erroneously entered and to grant them relief. This Court does not have the power to grant such a request. Nor does it have jurisdiction over this matter. Therefore, the motion to remand will be granted.

### C. Res Judicata/Claim Preclusion

Res judicata, or claim preclusion, applies where the party invoking it establishes "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a

4

subsequent suit based on the same cause of action." *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010). Res judicata "bars not only claims that were brought . . ., but also claims that could have been brought." *Id.*

Given the Court's decision to remand, it will not determine whether Defendants' claims are also barred by res judicata.

### D. Emergency Injunctive Relief

Defendants recently filed an emergency motion for a temporary injunction to stop a November 20, 2018 sale of the foreclosed property in Delaware. (D.I. 10) As discussed above, the Court lacks subject matter jurisdiction.

In addition, the Anti-Injunction Act prohibits federal courts from interfering with proceedings in the state courts. "A court of the United States may not grant injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Clark v. United States Bank Nat'l Ass'n*, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute.") (citations omitted). The three exceptions are narrowly construed, *see In re Diet Drugs*, 282 F.3d 220, 231 (3d Cir. 2002), and none of the narrowly construed exceptions are applicable to the present matter.

The motion will be denied without prejudice to Defendants filing the motion in State court.

## V. CONCLUSION

For the above reasons the Court will: (1) grant Plaintiff's motion to remand (D.I. 3); (2) grant Defendants' motion for an extension of time (D.I. 5) and consider their response timely filed; (3) deny Defendants' emergency motion for injunctive relief without prejudice to filing the

motion in State court (D.I. 10); and (4) order remand of the matter to the Superior Court of the State of Delaware in and for Sussex County, as this Court lack subject matter jurisdiction.

An appropriate order will be entered.

November 6, 2018  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE